# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| Gary Lewis Davis, #08282-058, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No.: 1:17-cv-2222-PMD-SVH |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden, F.C.I. Williamsburg, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on Petitioner Gary Lewis Davis' objections to Magistrate Judge Shiva V. Hodges' report and recommendation ("R & R") (ECF Nos. 10 & 6). The Magistrate Judge recommends that the Court dismiss Petitioner's 28 U.S.C. § 2241 petition (ECF No. 1). For the reasons stated herein, the Court overrules Petitioner's objections, adopts the R & R, and dismisses Petitioner's § 2241 petition.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court must conduct a de novo review of any portion of the R & R to which a timely, specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in

order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **DISCUSSION**

Petitioner seeks resentencing following his drug trafficking and firearm convictions. The Magistrate Judge recommends that Petitioner's petition be summarily dismissed, without prejudice, because the "savings clause" in 28 U.S.C. § 2255(e) does not allow him to challenge his conviction or sentence under § 2241. Specifically, the Magistrate Judge found that Petitioner could not satisfy the second criterion used to evaluate the applicability of the savings clause under *In re Jones*, 226 F.3d 328 (4th Cir. 2000). *Jones* requires a petitioner invoking the savings clause to establish that "the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." *Id.* at 334. If a petitioner cannot establish that his claim is within the scope of the savings clause, the court must dismiss motion for lack of jurisdiction. *See Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010).

Petitioner raises two objections, and both restate arguments presented to, and properly evaluated by, the Magistrate Judge. First, Petitioner argues that he has satisfied the savings clause because of the Supreme Court's ruling in *Dean v. United States*, 137 S. Ct. 1170 (2017). In *Dean*, the Court held that nothing in 18 U.S.C. § 924(c) prevents a district court from considering the statute's imposition of a mandatory minimum when calculating an appropriate sentence for the predicate offense. *Id.* at 1178. While it is possible that Petitioner would have received a shorter total sentence had he been sentenced after *Dean*'s clarification of the district court's sentencing discretion, *Dean* did not change substantive law to make the conduct of which Petitioner was convicted any less criminal. Thus, the *Dean* decision does not aid Petitioner in establishing the second prong of the *Jones* test.

Petitioner also argues that his indictment was invalid because Count 16, one of his 18 U.S.C. § 924(c) firearms charges, was impermissibly duplicitous because it alleged he used and carried a firearm in relation to two different underlying offenses. Petitioner points to *United States v. Robinson*, 627 F.3d 941, 957 (4th Cir. 2010), for the assertion that a duplicity claim can sometimes be raised after trial. In *Robinson*, the Fourth Circuit considered a defendant's motion for new trial under Rule 33 of the Federal Rules of Criminal Procedure, following the discovery of new evidence. *Id.* at 948. With respect to the defendant's duplicity claim, the court first emphasized that Rule 12(b)(3) of the Federal Rules of Criminal Procedure requires objections to indictments to be made before trial, though the Rules also allow a court to consider an objection later, if good cause is shown. *Id.* at 957. The court noted that some circuits have nonetheless reviewed post-trial duplicity claims for plain error. *Id.* "Out of an abundance of caution," the court then reviewed the defendant's duplicity claim for plain error and rejected it. *Id.* While *Robinson* does indicate that defendants or petitioners might, in some circumstances, be able to bring a post-trial duplicity claim, it did not create a new procedural mechanism to do so. Unlike the defendant in *Robinson*, Petitioner's duplicity claim comes in a § 2241 petition, so he must still satisfy the savings clause. While *Robinson* also dealt with a § 924(c) charge, Petitioner has not established that it changed the substantive law of § 924(c). Since Petitioner has not established a change in substantive law, as required by *Jones*, he has not established that the savings clause applies. Consequently, the Court does not have jurisdiction to evaluate his petition.

## **CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED** that Petitioner's objections are overruled, that the R & R is **ADOPTED**, and that Petitioner's petition is therefore **DISMISSED.**

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**November 30, 2017
Charleston, South Carolina**